Mr. Justice Noli
delivered the opinion of the court:
I do not think that the ordinance under which the defendant has been prosecuted, is so well penned as it might have been. But I am not prepared to concur with the Recorder in the construction which he has -given to it. I do not think that we are even at liberty to convert “ or ” into “ and” unless we can see clearly that it better comports with the spirit and policy of the law ; and of that, I am by.no means satisfied in this instance. The object of the City Council was to prevent that demoralizing practice of selling spirituous liquors to negroes in the night; and for that purpose, they-have prohibited all retailers from admitting them into their premises, or selling to them any liquor whatever, after a certain hour. The penalty is incurred by selling liquor to a negro after 8 o’clock, whether he enters the shop or not; and from the difficulty of detection, it became necessary to prohibit them from even admitting them into their premises. But admitting the construction given to the ordinance by the Recorder, to be correct, I think the evidence was sufficient to authorize the conviction. Two witnesses saw several negroes in the shop, drinking spirits and water. They saw the husband of the defendant, handing them liquor in her presence. Now, although they did not see any money paid, yet I think, these facts furnished sufficient evi *469 deuce of a sale, to throw the burthen of proof on the other side. This was confessedly a retail liquor store ; the retailing was clearly proved, and I think, it might he fairly presumed that the liquor was sold. It is, however, contended that if there was a sale, it was by the husband and not by the wife ; and that although a wife may be presumed to act under the influence of a husband, a husband is never to be presumed to act under the influence of the wife. It is true, the husband and wife in contemplation of law, are considered in many respects as one person, and the husband being primus inter pares, whatever the wife does in his presence, is presumed to be done under his control or coercion. The same principle of law vests the personal estate of the wife in the husband, and gives him absolute dominion over it. But in the progress of civilization and the extension of commerce, an artificial state ofsociety has grown up, incompatible with that state of simplicity from which many rules of the Common Law have been derived. A feme covert sole trader, is a new species of body corporate, not known in former times. The Common Law did not contemplate a case where a wife might hold property separate and apart from her husband, might deal, trade and traffic, enter into contracts, sue and he sued, in the same manner as if she were sole. Such a change in the relative rights and powers of husband and wife, must give a different operation to the rules of law by which they are to be governed. While the right and disposition of the property remains in the husband, any intermeddling of the wife is presumed to be as his agent, and under his influence. But when the dominion is transferred to her, she must have it with all “ the rights and appui’tenances thereunto belonging.” All the property in this store belonged to the wife. The husband could not sell a gill of whiskey but by her permission. Whatever he did then in her presence, must be considered as her act. Any other view of the subject, would render the orVlinance in such a case, almost nugatory. The wife could not be convicted when selling in the presence of the hus *470 band , because she would be presumed to act under his coercion. The husband could not be convicted, because the sceptre having departed from his hands, he is not embraced in the law. I am satisfied with the verdict, and the motion, therefore, must be refused.
Dnnkin 8r Campbell, for the motion.
Toomer, contra.
Justices Richardson, Huger and Johnson, concurred.